NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ERNESTO SOLIS-SOLIS, AKA Jaime Ernesto Solis, | No. 19-72138 |
| Petitioner, | Agency No. A213-020-392 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020**
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and COLLINS, Circuit Judges.

Jaime Ernesto Solis-Solis petitions for review of the Board of Immigration

Appeals' (BIA's) order dismissing his appeal and affirming the Immigration

Judge's (IJ's) denial of his motion to suppress alienage evidence in his removal

proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition.

Solis-Solis raises two challenges to the BIA's order in his petition for review. First, Solis-Solis argues that the agency's I-213 document—a form wherein agents summarize the evidence and their interactions with a suspect—was not admissible at his removal hearing because it contains contradictions that render it inherently unreliable. Specifically, the I-213 form states that the vehicle stop occurred "near" his residence and "[a]t [the] time" that Solis-Solis was observed leaving the house, whereas Solis-Solis and the driver of the vehicle both testified at the hearing that the vehicle was stopped more than a mile away and around forty minutes after they left the residence. Neither the IJ nor the BIA considered these discrepancies significant enough to render the I-213 inherently unreliable. We agree. While the descriptions in the I-213 could be clearer, the evidence does not compel the conclusion that there was a contradiction that rendered the form inherently unreliable.

Second, Solis-Solis argues that the evidence resulting from the vehicle stop should have been suppressed at his hearing because the government lacked individualized reasonable suspicion to justify the stop. "An officer may make an investigatory stop if he is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Hernandez-*

2

*Alvarado*, 891 F.2d 1414, 1416 (9th Cir. 1989); *see also* 8 C.F.R. § 287.8(b)(2) (immigration officer may "briefly detain" a person on "reasonable suspicion" that he or she "is an alien illegally in the United States"). Here, the agents were conducting an operation that individually targeted Solis-Solis as a criminal alien, and stopped the vehicle in which he was a passenger after observing him leave his residence and following him. Thus, the agents had "specific, articulable" facts from which their reasonable suspicion for stopping the vehicle may be rationally deduced. *See id.* at 1416 ("Permissible deductions or rational inferences must be grounded in objective facts and be capable of rational explanation . . . ."). Solis-Solis argues that the agents had not verified that he was indeed the passenger in the vehicle before it was stopped. However, the agents did not need to know for certain that the vehicle passenger was Solis-Solis. They only needed to be able to infer from the facts that there was a reasonable probability that the passenger was Solis-Solis, and the facts here gave rise to such a probability. *See Kansas v. Glover*, 140 S. Ct. 1183, 1187 (2020) ("[T]he level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." (quoting *Prado Navarette v. California*, 572 U.S. 393, 397 (2014))).

The agency did not err by concluding that the I-213 form was not inherently unreliable and that the government was able to establish reasonable suspicion for

the vehicle stop under these circumstances.  Solis-Solis's petition for review is

**DENIED**.